# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18 CR 72-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) v. ) ) KENDRICK TYRONE DAVIS, ) ) **Defendant.** ) _____ ) | ORDER |

This matter is before the Court on cross motions regarding the pre-sentence detention of Defendant.

**I.      Background**

On June 5, 2018, Defendant and two (2) other individuals were charged in a nine-count Bill of Indictment (Doc. 4).

On December 14, 2018, Defendant made an initial appearance. The Government moved for detention at that time.

During a detention hearing on December 21, 2018, the Government withdrew its motion for detention and Defendant was released on certain conditions. (Doc. 32).

On February 15, 2019, a plea agreement (Doc. 43) was filed through which Defendant sought to enter a plea of guilty as to Count One, which charged Defendant with an "attempt to obstruct, delay, and affect commerce…by robbery…in that he did unlawfully attempt to take marijuana from the person and presence of an individual…against his will and by means of actual and threatened force, violence, and fear of injury" in violation of 18 U.S.C. § 1951. (Doc. 4).

On February 20, 2019, Defendant filed a Motion to Continue Appearance Bond along with a supporting memorandum (Docs. 46, 47). Though not ripe at the time, the Motion was filed proactively in the event Defendant's plea was accepted.

On February 22, 2019, the undersigned conducted a Rule 11 colloquy and accepted Defendant's plea. The Government then moved for Defendant's detention pending sentencing and Defendant requested that the Court release him as argued in his Motion (Doc. 46). The Court conducted a hearing on the motions, took the matter under advisement, and directed that Defendant be detained pending the issuance of a ruling. This Order now follows.

**II.   Discussion**

Detention determinations for defendants awaiting sentencing are governed by 18 U.S.C. § 3143. As stated in 18 U.S.C. § 3143(a)(2), defendants who have been found guilty of those offenses described by 18 U.S.C. § 3142(f)(1)(A), (B) or (C) must be detained, unless statutory exceptions apply. Cases that are not governed by 18 U.S.C. § 3143(a)(2) are considered under 18 U.S.C. § 3143(a)(1).

The offenses referenced by 18 U.S.C. § 3142(f)(1)(A) are crimes of violence, violations of section 1591, and offenses listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed.

A "crime of violence," as that term is used in the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., is defined as:

> (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;

(B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or

(C) any felony under chapter 109A, 110, or 117.

18 U.S.C. § 3156(a)(4).

In this case, the Government contends that Defendant's conviction for attempted robbery under the Hobbs Act is a "crime of violence" for purposes of 18 U.S.C. § 3142(f)(1)(A) and therefore that pre-sentence detention is required by 18 U.S.C. § 3143(a)(2), there being no grounds for application of the statutory exceptions. Alternatively, the Government argues that detention would be in order under 18 U.S.C. § 3143(a)(1).

For his part, Defendant argues that an attempted robbery under 18 U.S.C. § 1951 does not constitute a "crime of violence" under 18 U.S.C. § 3142(f)(1)(A) and 18 U.S.C. § 3143(a)(2) and, alternatively, that he should be released should the Court analyze the case under 18 U.S.C. § 3143(a)(1).

According to the Factual Basis (Doc. 44), Defendant and his co-defendants were involved in marijuana dealing and planned to rob another dealer of his marijuana. As part of this plan, Defendant purchased a pump action shotgun that was later carried by one of his co-defendants during the attempted robbery of the victim at the victim's apartment. The weapon was discharged when a struggle ensued, and a resident of the victim's apartment was injured. Id.

The elements of the charge of attempted robbery under the Hobbs Act, to which Defendant pled guilty, are as follows:

1. That the defendant attempted to unlawfully take and obtain personal property from the owner of that property, against his or her will and by means of actual and threatened force, violence, and fear of immediate and future injury;

2. That in doing so the defendant obstructed, delayed, and affected interstate commerce, as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of articles and commodities in such commerce; and

3. That the defendant did such acts knowingly, intentionally, and willfully.

As one of the elements of this offense requires "the use, attempted use, or threatened use of physical force against the person or property of another," this offense constitutes a "crime of violence" as defined by 18 U.S.C. § 3156(a)(4)(A). Cf. United States v. St. Hubert, 909 F.3d 335, 351 (11th Cir. 2018) (holding that attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause because that clause expressly includes 'attempted use' of force). Pre-sentence detention is therefore required. 18 U.S.C. § 3143(a)(2); 18 U.S.C. § 3142(f)(1)(A).

During the hearing, the arguments included reference to the recent decision by the United States Court of Appeals for the Fourth Circuit in United States v. Joseph Decore Simms, No. 15-4640, 2019 WL 311906 (4th Cir. January 24, 2019). There, the defendant pled guilty to conspiracy to commit Hobbs Act robbery and for brandishing a firearm during and in relation to a "crime of violence," but later challenged his brandishing conviction on the theory that Hobbs Act conspiracy could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3) as that statute was unconstitutionally vague. The court agreed and invalidated the "residual clause" appearing in 18 U.S.C. § 924(c)(3)(B).

However, Simms is inapposite to this matter. That decision analyzed the "residual clause" of 18 U.S.C. § 924(c)(3) while the instant case is governed by 18 U.S.C. §

3156(a)(4)(A).[1] Cf. Allen v. United States, No. 4:02-CR-00750-TLW-2, 2019 WL 459699, at *1 (D.S.C. Feb. 5, 2019) (holding that the analysis of 18 U.S.C. § 924(c)(3)(B) by the Fourth Circuit in Simms "ha[d] no impact on this case because that decision only involved the residual clause, not the force clause").

**IT IS THEREFORE ORDERED THAT:**

1. The Government's Motion is **GRANTED,**

2. Defendant's Motion (Doc. 46) is **DENIED,** and;

3. Defendant is ordered **DETAINED** pending sentencing.

Signed: March 6, 2019

W. Carleton Metcalf
United States Magistrate Judge

---

[1] The plain text of subsection (A) of 18 U.S.C. § 3156(a)(4) appears to be an analog to 18 U.S.C. § 924(c)(3)(A) which is the "use-of-force" clause of 18 U.S.C. § 924(c)(3).